IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60320
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                             Plaintiff-Appellant,

versus

RICHARD LEE HOOK,

                                             Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:94-CR-65-1-LN
- - - - - - - - - -

April 15, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

    Richard Lee Hook (Hook) appeals the district court's denial of his Fed. R. Crim. P. 41 motion for return of property.  Hook seeks the return of various items of personal property, including a personal computer, software programs, and computer disks.  Hook argues that his right to due process, right against unlawful search and seizure, and right to possess and use the product of his labor for his enjoyment and betterment were violated, because the Government did not return his personal property after it was

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revealed that the property had no evidentiary value.

Rule 41(e) provides a procedural vehicle for a property owner to seek return of his property seized by the Government. *See Industrias Cardoen, Ltda. v. United States*, 983 F.2d 49, 51 (5th Cir. 1993). Rule 41(e) is a rule of criminal procedure, however, and is not applicable to civil forfeiture proceedings. *See United States v. Hernandez*, 911 F.2d 981, 983 (5th Cir. 1990); Fed. R. Crim. P. 54(b)(5). This court construes pro se pleadings liberally as seeking the proper remedy. *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). Accordingly, Hook's motion is construed as a civil complaint for the return of property. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996).

Hook is not entitled to the return of his property pursuant to his federal claim because he has not identified the appropriate party in his complaint. Hook's property was forfeited to the City of Jackson police department through the state of Mississippi's administrative forfeiture procedures. Miss. Code § 41-29-176. The United States had no hand in the forfeiture of Hook's property. The district court did not err in denying Hook's motion.

AFFIRMED.